UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BAYVIEW LOAN SERVICING, LLC,           )
                                        )
            Plaintiff,                  )   Case No. 2:05-cv-254
                                        )
v.                                      )   Honorable Robert Holmes Bell
                                        )
EARL FORD MCNAUGHTON, et al.,           )
                                        )   **OPINION AND ORDER**
            Defendants.                 )
_____)

       This is a civil action in which Plaintiff has filed a Motion For Payment of Fees and Costs against Defendants and their counsel (docket #50). Defendants have responded to the motion (docket #52) and Plaintiff has filed a reply (docket #64). In the motion for payment of fees and costs, Plaintiff seeks $23,962.93 for reimbursement of expenses associated with cancelled depositions in Scottsdale, Arizona. In addition, Plaintiff has filed a "Notice of Submission of . . . Attorney Fees and Costs Incurred in Responding to Defendants' Motion For Protective Order" (docket #62), in which Plaintiff seeks an additional $36,819.00 in attorney fees and $1,999.50 in travel costs. Defendants have filed a response (docket #63) and Plaintiff has filed a reply (docket #64). For the reasons set forth below, the court will grant Plaintiff's request for fees and costs with regard to the motion for protective order and deny Plaintiff's request for fees and costs with regard to the cancelled Arizona depositions.

       According to Plaintiff, from July 26, 2006 until February 19, 2007, Defendants' attorneys failed to disclose that Defendants would be asserting Fifth Amendment objections to

discovery, despite the fact that they were representing Defendants in criminal matters and had a duty to notify Plaintiff's counsel and the court of this issue in a timely fashion. In Plaintiff's motion (docket #50), Plaintiff states that Defendants deliberately delayed discovery and caused Plaintiff to expend $23,962.93 in attorney fees and expenses. Plaintiff claims that it was forced by Defendants' counsel to file a motion to compel attendance at a deposition and to attend the January 25, 2007, hearing in Marquette, Michigan, as well as to commit to take Defendants' deposition in Arizona, all of which could have been avoided by a simple letter or telephone call advising Plaintiff that Fifth Amendment issues would likely bar discovery. Plaintiff states that it first issued a subpoena for Defendants to appear and produce documents in Michigan on July 26, 2006, but the subpoena went unanswered until two days before the deposition was to take place. Mr. Hohman, a partner with Defendants' law firm, called Plaintiff's counsel to say that Defendants would not be appearing for the deposition and requested that Plaintiff voluntarily agree to a new date. This incident was followed by numerous phone calls and letters in an attempt to decide on a new date.

    Plaintiff claims that Defendants were vague regarding a deposition and when a date appeared to be agreed upon, Mr. Hohman would not respond and the date would pass. Plaintiff also claims that Defendants' counsel failed to properly notify Plaintiff's counsel of changes in the schedule, nor did Defendants' counsel copy Plaintiff's counsel with copies of all correspondence regarding scheduling of discovery.

    Plaintiff's attorney states that on February 19, 2007, he received a letter from Mr. Hohman which stated that the Defendants would not produce documents or answer questions about their assets based on the Fifth Amendment. Plaintiff's counsel responded by requesting information regarding the Fifth Amendment issue. On February 23, 2007, Attorney Larry Mackey,

a partner at Defendants' law firm, notified Plaintiff's attorney that he had been representing Defendants in criminal matters since June of 2005. On February 28, 2007, the court held a telephone conference and concluded that Defendants' counsel had not timely raised the Fifth Amendment issue. Therefore, the court stated that Defendants were responsible for fees and costs under the January 25, 2007, order. Plaintiff claims that a total of $3,312.23 in non-refundable travel costs were incurred as a result of the cancelled deposition in Scottsdale, Arizona. In addition, Plaintiff claims that it is entitled to fees and costs associated with the motion to compel and the subsequent January 25, 2007, hearing in Marquette, Michigan. Counsel for Plaintiff, attorneys Erika Barnes and David G. Marowske, traveled to Marquette, Michigan, for the January 25, 2007, hearing, during which Defendants' counsel, attorney Scott R. Murphy, specifically agreed to produce documents in advance of the deposition. The Fifth Amendment issue was not raised. Plaintiff states that expenses associated with the filing of the motion to compel and the January 25, 2007, hearing amounted to $20, 650.07.

In their response to the motion for fees and costs, Defendants note that during the January 25, 2007, hearing, the court instructed the parties to adjourn and to reach an agreement on a date and time of the depositions. The court also advised the parties that if the deposition did not go forward, the court would assess costs and fees to the responsible party.

Defendants state that on February 19, 2007, two weeks prior to the scheduled depositions, they provided Plaintiff with advance notice that they would be asserting their Fifth Amendment privilege at the scheduled depositions and would not be producing documents. Defendants state that they did not cancel the depositions, but merely provided the information to Plaintiff as a courtesy to avoid any surprise at the depositions. In fact, Defendants' counsel

confirmed that Defendants would attend and participate in the depositions scheduled in Scottsdale, Arizona. Defendants state that Plaintiff unilaterally cancelled the deposition pending the court's consideration of whether a protective order would solve the issue. Defendants state that if Plaintiff had attended, there may have been questions the Defendants could have answered that did not implicate their Fifth Amendment rights. Moreover, if Defendants had asserted their Fifth Amendment privilege, this assertion could have potentially been used by Plaintiff in a civil proceeding. *See U.S. v. Certain Real Property, 566 Hendrickson Boulevard*, 986 F.2d 990, 996 (6th Cir. 1993).

Defendants assert that their attorneys had no duty to disclose in advance what privileges might be asserted during the depositions and note that Plaintiff fails to cite any law contrary to this assertion. Defendants state that the law in the Sixth Circuit appears to be to the contrary. Defendants cite *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1068 (6th Cir. 1990), which held that the Fifth Amendment privilege cannot be claimed in advance of questions, and must be asserted with respect to particular questions. In addition, Defendants note that Fed. R. Civ. P. 30(d)(1) provides counsel with the authority to instruct a client not to answer a question "necessary to preserve a privilege." Defendants state that the court rule envisions that the Fifth Amendment privilege will be asserted during the deposition and do not require advance notice to the party conducting the deposition.

Defendants note that in the court's August 22, 2007, order granting in part and denying in part Defendants' motion for a protective order (docket #61), the court did not hold that Defendants' assertion of Fifth Amendment privilege was frivolous or done in bad faith. The court's order further confirmed that the "act of production" privilege was applicable and did not contest the

- 4 -

legitimacy of Defendants' fear of prosecution. The court denied the motion because the court concluded that Defendants had not met their burden of proving that the production of documents would be incriminating and that the Fifth Amendment had been waived to the extent that Defendants had answered interrogatories. Finally, Defendants note that although the court granted Plaintiff "reasonable costs and attorneys fees incurred in responding to the defendants' motion," the court did not indicate that Plaintiff was entitled to fees for anything other than responding to Defendants' motion for a protective order.

Defendants conclude that their attorneys should not be subject to a fee award in favor of opposing counsel because their assertion of the Fifth Amendment privilege was substantially justified and timely. In addition, Defendants state that because the court granted Defendants' motion for a protective order in part, any fees should be apportioned. Finally, Defendants reassert that Plaintiff's request for fees is unreasonable. Defendants contend that, at most, Plaintiff should be awarded $14,046.00 in fees for time actually spent attending the hearing and preparing the response.

Finally, Defendants state that of the $23,962.93 in fees and costs requested by Plaintiff, only $3,312.23 of that amount relates to the costs allegedly incurred by Plaintiff as a result of the depositions not going forward in Scottsdale, Arizona. Defendants state that the request for fees and costs is completely unreasonable in that the non-refundable hotel reservations included March 7, 2007, the night after the depositions were to be concluded. In addition, Defendants state that the requested $20,650.07 related to the motion to compel has nothing to do with the cancelled depositions in Arizona and should not be included in any award.

On August 22, 2007, the court issued an opinion denying Defendants' motion for protective order and ordering that Plaintiff was entitled to reasonable costs and attorney fees

incurred in responding to Defendants' motion (docket #60). In response to this opinion, Plaintiff filed a "Notice of Submission of . . . Attorney Fees and Costs Incurred in Responding to Defendants' Motion For Protective Order" (docket #62), in which Plaintiff asserts that it incurred $36,819.00 in attorney's fees and $1,999.50 in costs in responding to Defendants' Motion for Protective Order and the Fifth Amendment issues from February 19, 2007, the date that Defendants' counsel first raised the Fifth Amendment issue, until July 10, 2007, the date that Plaintiff's counsel returned from the July 9, 2007, hearing. Plaintiff states that it is therefore entitled to $38,818.50 in fees and costs.

In addition, Plaintiff filed a reply to Defendants' response (docket #64), in which Plaintiff states that the court has concluded that "whoever was at fault for documents not being produced and the depositions not going forward shall be required to pay the attorney fees and costs incurred by the other party." Plaintiff states that it began to prepare to respond to the Fifth Amendment issues immediately upon its receipt of the February 19, 2007, correspondence from Defendants' counsel. The nature of the arguments made by Defendants were highly complex legal issues, which were complicated by the inadequacy of the privilege log prepared by Defendants' counsel, which failed to separate and identify the documents individually. Plaintiff states that as a result of the complexity of the issues, it was decided that two attorneys should attend the July 9, 2007, hearing. Plaintiff's attorneys encountered significant travel delays, and their flight was ultimately cancelled. Because no other flights were available that evening, and counsel had other obligations in Louisville, Kentucky, the next morning, they rented a car and drove from Grand Rapids, Michigan, to Louisville, Kentucky. Finally, Plaintiff states that Defendants' request for apportionment of attorney fees should be denied because the only portion of Defendants' motion which was granted was for documents under the attorney client privilege. In fact, Plaintiff claims

that Plaintiff's counsel was the person who identified the privilege at the hearing. Plaintiff asserts that because this issue was neither briefed nor argued by Defendants, attorney's fees and costs should not be apportioned.

The court notes that pursuant to Fed. R. Civ. P. 37(a)(4)(A), Plaintiff is entitled to "reasonable expenses incurred in making the motion, including attorney's fees." In reviewing this issue, the court notes that pursuant to the August 22, 2007, opinion and order (docket #60 and #61), Plaintiff is clearly entitled to fees and costs related to the motion for protective order. However, the court concludes that Plaintiff is not entitled to the fees and costs related to the Arizona depositions, which Plaintiff cancelled. Defendants were not bound to reveal that they planned on asserting the Fifth Amendment privilege prior to the depositions. Furthermore, Plaintiff should have proceeded with the depositions as scheduled, as the Fifth Amendment privilege cannot be claimed in advance of questions and must be asserted with respect to particular questions.

Accordingly, the court finds that Plaintiff is entitled to "reasonable" attorney fees incurred in relation to the motion for protective order and travel expenses of $1,999.50 for travel to and from the hearing in Grand Rapids, Michigan. As noted above, in the notice of submission of fees and costs (docket #62), which was filed in response to Defendant's motion for protective order, Plaintiff seeks $36,819.00 in attorney's fees, which Plaintiff claims relate to the motion for protective order. A review of the attachments to this motion reveal that Plaintiff's attorneys were billing at a rate of $155.00 an hour, so that the amount of $36,819.00 reflects 237.54 hours work. This total is excessive for the preparation and opposition of Defendants' motion for protective order. The court notes that $12,134.00, or 78.28 attorney hours, was charged for solely for researching and discussing Fifth Amendment privilege issues, as well as drafting memoranda addressing these issues.

The court concludes that 50 attorney hours, or $7750.00 is reasonable for researching the Fifth Amendment privilege issues and drafting memoranda regarding the research.

In addition, two attorneys attended the hearing at a cost of $9,292.00. The court concludes that only one attorney was necessary to address the issues raised at the hearing. Therefore, it would be reasonable to reimburse Plaintiff half that amount, or $4,646.00. For the reasons stated above, the court concludes that $36,819.00 is not "reasonable" within the meaning of Fed. R. Civ. P. 37(a)(4)(A). Rather, the court concludes that $20,039.00 in attorney's fees, which is the amount requested minus the excessive fees specified above, is reasonable in relation to the motion for protective order. Moreover, Plaintiff's request for costs and fees associated with the cancelled depositions in Arizona is properly denied. Accordingly,

IT IS ORDERED that the court will GRANT Plaintiff $20,039.00 in attorney's fees and $1,999.50 for travel expenses in relation to the motion for protective order.

IT IS FURTHER ORDERED that Plaintiff's request for costs and fees associated with the cancelled depositions in Arizona are DENIED.


Date:     April 15, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE